UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RITA NORMANTIENE**, <br><br> Plaintiff, <br><br> v. <br><br> **FRANCIS CISSNA**, *Director, United States Citizenship and Immigration Services*, <br><br> Defendant. | Civil Action No. 19-cv-1370 (TSC) |

### MEMORANDUM OPINION

Plaintiff Rita Normantiene filed an Application to Adjust Status on May 13, 2015. The United States Citizenship and Immigration Services ("USCIS") subsequently denied that application on the grounds that Normantiene had falsely claimed United States citizenship on an Illinois Voter Registration Application. Normantiene sued, alleging that the denial of her application was arbitrary and capricious in violation of the Administrative Procedure Act ("APA"). ECF No. 1, Compl. Defendant has moved to transfer venue to the United States District Court for the District of South Carolina. Motion to Transfer, ECF No. 15 ("Def.'s Mot. to Transfer). Plaintiff opposes the motion. Opposition, ECF No. 16 ("Pl.'s Opp."). For the reasons below, the court will GRANT Defendant's Motion to Transfer.

### I.   LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). "Even if a plaintiff has brought a case in a proper venue, a district court may transfer it to another district." *Def. Servs., Inc. v. Mayorkas*, No. CV 21-1314, 2022

WL 910335, at *2 (D.D.C. Mar. 29, 2022). Courts use a two-step test to determine if a case should be transferred: whether (1) the action "might have been brought" in the movant's choice of forum, and (2) the private and public "interest factors" that weigh in favor of or against transfer. *Ctr. for Env't Sci., Accuracy & Reliability v. Nat'l Park Serv.*, 75 F. Supp. 3d 353 (D.D.C. 2014). The movant bears the burden of demonstrating that transfer is proper. *Def. Servs., Inc*, 2022 WL 910335, at *2.

## II. ANALYSIS

### A. Where the Action Might Have Been Brought

Under the first step, an action "might have been brought" against a federal government defendant where (1) "a defendant in the action resides;" (2) "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated;" or (3) a "plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1); *Nat'l Park Serv.*, 75 F. Supp. at 356. Normantiene does not dispute that she lives in South Carolina. Compl. ¶ 1. Nor does she assert that real property is involved in the action. *See* Compl. Therefore, the action might have been brought in the District of South Carolina.[1]

---

[1] Normantiene appears to argue that she could not successfully bring her claim in the District of South Carolina because Fourth Circuit precedent regarding certain denials of applications for adjustment of status would require the dismissal of her claim. *See* Pl.'s Opp. at 2 (citing *Lee v. U.S. Citizenship & Immigration Servs.*, 592 F.3d 612, 621 (4th Cir. 2010)). But that argument, even if accepted as true, does not change 28 U.S.C. § 1391(e)(1) and § 1404(a), which together provide that for purposes of transferring venue in a case not involving real property, the action "might have been brought" in the district where plaintiff resides. Whether Normantiene might be more likely to face dismissal for other reasons in the transferee district has no bearing on the decision to transfer.

**B. Private and Public Interest Factors**

If venue is proper in the transferee district, transfer then rests on whether the "considerations of convenience and the interests of justice weigh in favor of a transfer." *Defs. Servs., Inc.*, 2022 WL 910335 at *3 (internal citation omitted). Courts have broad discretion to weigh case-specific factors arising from the "private interests of the parties and witnesses" and the "public interest of justice." *Id*. Here, those factors weigh in favor of transfer to the District of South Carolina.

1. Private Interest Factors

Six private interest factors inform the decision to transfer a case: "(1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses . . . ; and (6) the ease of access to sources of proof." *City of W. Palm Beach v. U.S. Army Corps of Eng'rs*, 317 F. Supp. 3d 150, 154 (D.D.C. 2018). Here, the first private interest factor may slightly weigh against transfer, but the remaining factors either weigh in favor of transfer or are neutral.

The first private interest factor—Normantiene's choice of the District of Columbia as forum—scarcely weighs against transfer in this case. Courts typically defer to the plaintiff's choice of forum, but "[t]his deference is lessened when," as here, "the plaintiff does not choose its home forum." *Id*. (internal citations omitted). The plaintiff must demonstrate a "substantial factual nexus" between its complaint and the choice of forum. *City of W. Palm Beach*, 317 F. Supp. at 154; *see also Niagara Pres., Coal., Inc. v. Fed. Energy Regulatory Com'n*, 956 F. Supp. 2d 99, 105 (D.D.C. 2013) ("A plaintiff seeking to sue federal defendants in this District must instead demonstrate substantial personalized involvement by a member of the Washington, D.C.

agency in order for the court to conclude that there exist meaningful ties to the District.") (internal citation and quotation marks omitted).

Normantiene's home forum is the District of South Carolina, and the only factual nexus that she identifies with the District of Columbia is that the Acting Director of USCIS resides here. Pl.'s Opp. at 2-3. But the Acting Director's residence has nothing to do with the challenged decision itself. Instead, the events giving rise to Normantiene's complaint largely occurred in South Carolina—the Charleston Field Office in South Carolina made the decision to deny Normantiene's application. Def.'s Mot. to Transfer at 2. Because South Carolina is Normantiene's home forum and a substantial part of the events occurred there, Normantiene's choice of the District of Columbia weighs only slightly, if at all, against transfer.

The second private interest factor—the defendant's choice of forum—unambiguously favors transfer. USCIS prefers to litigate this case in the District of South Carolina and provides reasoned support for that choice. Normantiene argues that USCIS's choice of forum should be awarded little weight since USCIS maintains a presence and "highly trained counsel" in both districts. Pl.'s Opp. at 3. But that fact cuts both ways: Because USCIS can competently litigate this case in either forum, it is entitled to express a preference for either. In any event, it "cannot be said that [Normantiene] could reasonably claim to be inconvenienced by litigating in [her] home forum." *Defs. Servs., Inc.*, 2022 WL 910335 at *4 (internal citation and quotation marks omitted).

The third private interest factor—where the claim arose—also favors transfer. "When the material events that form the factual predicate of a plaintiff's claim did not occur in [her] chosen forum, transfer is favored." *Ngonga v. Sessions*, 318 F. Supp. 3d 270, 275 (D.D.C. 2018). In cases challenging agency decisions under the APA, claims arise where the agency's

"decisionmaking process occurred." *McAfee, LLC v. U.S. Citizenship & Immigr. Servs.*, No. 19-CV-2981, 2019 WL 6051559, at *1 (D.D.C. Nov. 15, 2019). As noted above, the relevant decisionmaking took place in the Charleston Field Office in South Carolina. Normantiene disputes that conclusion, arguing that the denial was based on a "national policy on the interpretation of § 1182(a)(6)(C)(ii)." Pl.'s Opp. at 3. But Normantiene's complaint does not allege a national policy, or anything else to plausibly suggest that the denial of her application was anything but an individualized decision. *See* Compl.; *Onyeneho v. Allstate Ins. Co.*, 466 F. Supp. 2d 1, 4 (D.D.C. 2006) (holding that the court "must assess the transfer motion based on the case as presented in the complaint"). As a result, the claim's origins in this case also counsel transfer.

The final three factors—convenience of the parties, convenience of the witnesses, and ease of access to sources of proof—do not weigh in favor of either venue. The parties' convenience appears to be in equipoise, as USCIS is based in the District of Columbia, while Normantiene is based in South Carolina. USCIS asserts that South Carolina will be more convenient for witnesses, Def.'s Mot. to Transfer at 6, but it is unclear whether this case will even require witnesses, *see* Pl.'s Opp. at 4, much less "what [any] witness will testify to, the importance of the testimony to the issues in the case, and whether that witness is willing to travel to a foreign jurisdiction." *Sheffer v. Novartis Pharms. Corp.*, 873 F. Supp. 2d 371, 378 (D.D.C. 2012) (internal citation and quotation marks omitted). Indeed, both parties agree that the evidence in this case will likely be mostly administrative records, which could be easily accessed in either district. Because these factors do not weigh in favor of either venue, they are neutral as to transfer.

On balance, the private interest factors favor transfer. Normantiene's choice of a non-home forum is outweighed by USCIS's opposite choice and the fact that the relevant events and decisions occurred in South Carolina. And contrary to Normantiene's assertion, Pl.'s Opp. at 3-4, the fact that the remaining factors are neutral does not counsel against transfer. *Ngonga*, 318 F. Supp. 3d at 276 (holding that neutral factors weighed neither in favor of, nor against, transfer). Accordingly, the private interests at stake here weigh towards transfer.

2. Public Interest Factors

Three public interest factors also guide the court's discretion to transfer: "(1) the transferee forum's familiarity with the governing laws . . . ; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home." *City of W. Palm Beach*, 317 F. Supp. 3d at 156. Here, those factors are either neutral or support transfer.

The first and second factors do not significantly weigh for or against transfer. Although Normantiene asserts that, unlike the District of Columbia, the District of South Carolina has "no recognized expertise with administrative law cases," federal courts are "presumptively competent to decide" questions of federal law like Normantiene's APA claim. *Id.* As for the relative congestion of the two districts, neither is clearly the better choice. Courts commonly measure congestion using the "districts' median times from filing to disposition or trial." *Sheffer*, 873 F. Supp. 2d at 380 (D.D.C. 2012). The median time from filing to disposition is longer in the District of South Carolina,[2] but the median time from filing to trial is longer in the District of Columbia, Def.'s Mot. to Transfer at 7. The conflicting congestion statistics

---

[2] UNITED STATES DISTRICT COURTS, NATIONAL JUDICIAL CASELOAD PROFILE (2020), available at https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2020.pdf.

"essentially cancel one another out." *Sheffer*, 873 F. Supp. 2d at 380; *see also Bartolucci v. 1-800 Contacts, Inc.*, 245 F. Supp. 3d 38, 49 (D.D.C. 2017).

The third public interest factor—the local interest in deciding local interests at home—weighs in favor of transfer. "Each state has an interest in redressing the harms of its citizens." *Sheffer*, 873 F. Supp. 2d at 381. Courts have found that states' interests in deciding local matters at home may outweigh the national interest, even when a case invokes federal law. *See, e.g.*, *City of W. Palm Beach*, 317 F. Supp. 3d at 156; *Nat'l Wildlife Fed'n v. Harvey*, 437 F. Supp. 2d 42, 49 (D.D.C. 2006). Here, Normantiene asserts that there are no local interests at stake because the case does not implicate "South Carolina law" and because the denial of her application was "not fact-specific to South Carolina." Pl.'s Opp. at 4. But Normantiene's immigration application was denied by the Charleston Field Office, and Normantiene's action challenges only the denial of her application, not a national policy. Because the decision underlying Normantiene's claim was made in South Carolina, this factor weighs in favor of transfer.

While no single private or public interest strongly compels transfer here, and many of the factors are entirely neutral, the balance of the relevant considerations favors transfer. The District of South Carolina is where Normantiene lives, where she applied for adjustment of status, and where USCIS decided to deny that application. That district is accordingly a more appropriate forum for adjudicating her challenge to that decision than the District of Columbia.

### III. CONCLUSION

The court will therefore GRANT Defendant's Motion to Transfer Venue, ECF No. 15.

Date: November 7, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge